UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CHAVEZ,

Plaintiff,

-against-

HEALTH SERVICES LOS ANGELES COUNTY OFFICE OF DIVERSION AND REENTRY,

Defendant.

26-CV-6727 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Juan Chavez, who asserts that he "is currently being held in the F.I.S.T. program in Los Angeles County, CA" (ECF No. 1, at 1), brings this *pro se* action seeking unspecified relief. Although the body of the complaint contains no allegations, Plaintiff attaches to his complaint a copy of an email sent to the Los Angeles County Public Defender and other entities on Plaintiff's behalf, which appears to inquire into the status of Plaintiff's "treatment progress and community reintegration plan." (*Id*. at 2.) Plaintiff names as the sole defendant "Health Services Los Angeles County Office of Diversion and Reentry." (*Id*. at 1.)

For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Central District of California.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint appears to concern his current confinement in Los Angeles County and the status of his community reintegration plan. Plaintiff does not plead Defendant's residence, which is almost certainly in Los Angeles County, only suggesting that the alleged events giving rise to his claims occurred in Los Angeles County. Because Defendant does not reside in this District and none of the events underlying Plaintiff's claims occurred in this District, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Los Angeles County, which is in the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, venue lies in the Central District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 10, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge